ORIGINAL



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCREEN ACTORS GUILD, INC. | Case No. CV 05-0430 AHM (FMOx) |
| Petitioner, | [Proposed] ORDER DENYING MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT |
| vs. | |
| HANNIBAL PICTURES, INC., | DATE: March 7, 2005 |
| Respondent. | TIME: 10:00 am |
| | CTRM: 14 |

The Motion for Order Confirming Arbitration Award and for Entry of Judgment came on regularly before this Court on March 7, 2005, the Honorable A. Howard Matz, Judge, presiding.

David Friedman and William E. Bensussen appeared on behalf of Petitioner and Donald A. Barton appeared on behalf of Respondent.

The Court, having read and considered the moving and responding papers, and all documents submitted therewith, and the argument of counsel and good cause appearing therefor,

The Court finds that Respondent is not precluded from opposing the Motion to Confirm, under MCI Telecommunications Corp. v. Exalon Industries, Inc. (1st Cir. 1998) 138 F.3d 426; that Respondent had no agreement to arbitrate with Petitioner; that

1

ORDER DENYING MOTION TO CONFIRM ARBITRATION AWARD

the Digital Millennium Copyright Act (28 USC §4001) was not triggered by the terms of the sales agency agreement executed by Respondent regarding the motion picture at issue in this matter; and that there was no transfer of copyright ownership to Respondent. The Court's remaining findings are contained in the transcript of the hearing.

IT IS HEREBY ORDERED that Petitioner's Motion for Order Confirming Arbitration Award and For Entry of Judgment is DENIED.

Dated: March 11, 2005

_____
A HOWARD MATZ
United States District Court Judge

Order submitted by:

Donald A. Barton [105402]
Law Offices of Donald A. Barton
10100 Santa Monica Blvd., Suite 800
Los Angeles, California 90067-4100
310 282-0553
Attorneys for Respondent Hannibal Pictures, Inc.

Approved as to Form:

_____
David Friedman [204442]
Friedman & Friedman
9454 Wilshire Blvd., Suite 313
Beverly Hills, California 90212-2904
310 273 2800
Attorneys for Petitioner Screen Actors Guild, Inc.

the Digital Millennium Copyright Act (28 USC §4001) was not triggered by the terms of the sales agency agreement executed by Respondent regarding the motion picture at issue in this matter; and that there was no transfer of copyright interest to Respondent. The Court's remaining findings are contained in the transcript of the hearing.

IT IS HEREBY ORDERED that Petitioner's Motion for Order Confirming Arbitration Award and For Entry of Judgment is DENIED.

Dated: March ___, 2005

_____
A HOWARD MATZ
United States District Court Judge

Order submitted by:

Donald A. Barton [105402]
Law Offices of Donald A. Barton
10100 Santa Monica Blvd., Suite 800
Los Angeles, California 90067-4100
310 282-0553
Attorneys for Respondent Hannibal Pictures, Inc.

Approved as to Form:

David Friedman [204442]
Friedman & Friedman
9454 Wilshire Blvd., Suite 313
Beverly Hills, California 90212-2904
310 273 2800
Attorneys for Petitioner Screen Actors Guild, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )ss.
COUNTY OF LOS ANGELES      )

I am a resident of the County of Los Angeles, I am over the age of eighteen years and not a party to the within action.

On March 9, 2005 I served the within

[Proposed] ORDER DENYING
MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

on the interested parties in the within action by placing a copy thereof enclosed in a sealed envelope with postage fully prepaid to be placed in the United States Mail at Los Angeles, California, addressed as follows:

David Friedman
Friedman & Friedman
9454 Wilshire Boulevard,
Suite 313
Beverly Hills, CA 90212-2904

I am "readily familiar" with the firm's practice of collection and processing documentation for mailing. Under that practice, it would be deposited in the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party serviced, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.

Executed this March 9, 2005 at Los Angeles, California.

Donald A. Barton

-pos